UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MIRIAM HUMBACH,

                         Plaintiff,                      13-CV-2512 (NSR)

   -against-                                        OPINION & ORDER

DANIEL CANON, et al.,

                         Defendants.
------------------------------------------------------------ X

NELSON S. ROMÁN, United States District Judge

By letter dated July 19, 2014 (dkt. no. 48), Plaintiff Miriam Humbach ("Plaintiff") moves for reconsideration of the Court's July 17, 2014 denial of Plaintiff's motion to stay this action. Plaintiff continues to seek a stay of at least one year.

### A. Applicable Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard is strict. *Targum v. Citrin Cooperman & Co.*, No. 12-cv-6909, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Allen v. Antal,* No. 12-cv-8024, 2014 WL 2526913, at *1 (S.D.N.Y. June 3, 2014).

Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 39, 52 (2d

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2014

Copies mailed/faxed 10/29/2014
Chambers of Nelson S. Román, U.S.D.J.

Cir. 2012). Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." *Optimal*, 886 F. Supp. 2d at 312.

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Sys. Mgmt. Arts Inc. v. Avesta Techs, Inc.*, 106 F. Supp. 2d 509, 521 (S.D.N.Y. 2000). "New arguments which could have been raised previously may not be raised on a motion for reconsideration." *Thypin Steel Co. v. Certain Bills of Lading*, No. 96-cv-2166, 1999 WL 108728, at *1 (S.D.N.Y. Mar. 3, 1999).

### B. Analysis

Plaintiff's motion for reconsideration (dkt. no. 48) and subsequent submissions (dkt. nos. 53 and 54) fail to present controlling decisions or data the Court overlooked. Rather, Plaintiff recapitulates arguments previously made, namely, that difficulties associated with Plaintiff's incarceration (e.g., limited access to writing instruments and resources) preclude Plaintiff from appropriately prosecuting the instant case. The Court's prior ruling denying Plaintiff's motion to stay this action considered those arguments and found them to be unpersuasive. Instead, the Court finds currency in Defendants' position that countless inmates in substantially-identical circumstances routinely prosecute Section 1983 cases *pro se*. The limitations Plaintiff may face while incarcerated are not unique, and, barring something more, the Court is not willing to stay this action. Accordingly, the Court DENIES Plaintiff's motion and will allow the matter to proceed apace. The Court will issue a decision on the pending motions to dismiss in the ordinary course.

Dated: October 29, 2014  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge