UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MIRIAM HUMBACH,                                                  :
                                                                 :
                                Plaintiff,                       :   13-CV-2512 (NSR)
        -against-                                                :
                                                                 :   OPINION & ORDER
DANIEL CANON et al.,                                             :
                                                                 :
                                Defendants.                      :
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Plaintiff Miriam Humbach ("Plaintiff") commenced this action by complaint filed April 12, 2013 (dkt. no. 1), alleging violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Plaintiff asserts claims against three classes of defendant: (1) James Infantino ("Infantino"); (2) Michael Kirsch, Barbara Zanato, Debbie Alspach, Kathleen Campanaro, Deborah Lenaghan, Eileen Kelly, Lisa Tighe, Marisa Boniella, and Joseph Kearns (the "District Defendants"); and (3) Daniel Canon, James M. Dumser, Robert Chiappone, D.P. Corrado, and Ernesto Giraldez (the "Police Defendants").

Infantino is Plaintiff's ex-husband. The District Defendants are employees of the Chappaqua School District. The Police Defendants are employees of the Town of New Castle Police Department. Each of the three classes of defendant now moves to dismiss the complaint, and those three motions are consolidated for purposes of this opinion and order. The Court considers the three motions to be opposed, but notes that Plaintiff has not filed any opposition brief directly addressing the motions.

For the reasons explained below, the Court dismisses the action in its entirety as against

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2014

Copies mailed/faxed 11/12/2014
Chambers of Nelson S. Román, U.S.D.J.

Infantino and the District Defendants, and partially dismisses the action as against the Police Defendants.

**I. COMPLAINT & BACKGROUND**

Plaintiff contends that on April 21, 2010, she was lawfully present at the Douglas Grafflin Elementary School in Chappaqua, New York, a school which her son, Matthew J. Infantino, attends. Complaint ("Compl.") (dkt. no. 1) at 5. Plaintiff allegedly was invited to a bagel breakfast and book fair on campus. *Id.* Plaintiff contends she arrived at approximately 8:00 a.m., received a pass to the school, and was directed to the place where the breakfast and book fair were being held. *Id.*

After finishing a visit to the ladies' room, Plaintiff contends, one or more police officers confronted her, beat her, and injured her, to a point where she later needed ice packs for bruising. *Id.* The complaint also contains an allegation—apparently directed at the District Defendants— that certain false statements concerning Plaintiff were made to the Police Defendants. *See id.*

Plaintiff was arrested that day and ultimately prosecuted for misdemeanor criminal trespass, false personation, and resisting arrest, in violation of the New York Penal Law. The public record suggests the backdrop for the trespass charge was a supervised visitation order (N.Y. Sup. Ct. N.Y. Cnty. dkt. no. 309090/2007), which prohibited Plaintiff from visiting her son without supervision.

With the instant action, Plaintiff seeks compensatory and punitive damages for her alleged mistreatment on April 21, 2010 and for the ensuing criminal prosecution. That prosecution ended with an August 5, 2010 adjournment in contemplation of dismissal ("ACD"). During the colloquy preceding the ACD, Plaintiff was prompted to recant categorically "any and all" allegations she had made on the record at a May 13, 2010 arraignment, concerning the

2

purported mistreatment on April 21, 2010.  *See* Svensson Affidavit ("Svensson Aff.") (dkt no. 57), Ex. D, H.

Construed leniently, Plaintiff's complaint asserts four interrelated Section 1983 claims: (1) excessive force; (2) malicious prosecution; (3) false arrest; and (4) entrapment.  In support of these claims, Plaintiff enclosed various materials with her initial filing.  The materials include an email invitation to the breakfast and book fair, a visitor's pass to the school, and a number of police reports memorializing witness statements made to the police on April 21, 2010.  No party has moved to strike the surplus materials or to dismiss the complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) (requiring a "short and plain statement of the claim").  Instead, all parties, including the Police Defendants, treat the materials as incorporated by reference into the complaint.  The Court likewise will consider the totality of Plaintiff's submission, in evaluating the asserted bases for dismissal.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (on a motion to dismiss, the court may consider the pleadings, documents incorporated by reference in or attached to the pleadings, and matters of public record of which judicial notice may be taken); *see also Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (pleadings from a *pro se* plaintiff are to be accorded leniency and construed to raise the strongest claims and arguments they suggest).

## II. MOTION TO DISMISS STANDARD

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Rule 12(b)(6) dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "Although for the purposes of a motion

to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DEFENDANTS AND CLAIMS

### A. Infantino

Defendant Infantino moves to dismiss the complaint in its entirety on two bases. First, he argues that Plaintiff made a misrepresentation in her request to proceed *in forma pauperis* (the "IFP application"), which he says compels dismissal. Second, Infantino argues that the complaint fails pursuant to Rule 12(b)(6) because it contains no allegations specific to him. Infantino's Rule 12(b)(6) argument has merit. Infantino, Plaintiff's ex-husband, is mentioned in the complaint's caption, but nowhere else. The pleadings are entirely silent as to his role or relevance to this case. There is no allegation that he was present on campus when the arrest took place, nor that he made any false statements to the police that day. At most, the pleadings suggest that Plaintiff called Infantino on her cell phone from school premises, which has no obvious relevance to the case.

Individualized pleading regarding a defendant's involvement generally is required for there to be a well-pleaded claim against that defendant. *Iqbal*, 556 U.S. at 676; *see also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (enumerating ways an individual defendant allegedly may have violated the Constitution).

Where, as here, the complaint's caption is the sole reference to a defendant, claims against that defendant do not withstand even the most generous facial review under Rule 12(b)(6). Infantino's motion to dismiss is granted, and all claims against him are dismissed for failure to state a claim.

### B. The District Defendants

Next, the District Defendants move to dismiss each of the four claims on two grounds as well: (a) the alleged misrepresentation in the IFP application; and (b) failure to state a claim. The Court will address the second of these two grounds here, and the first below.

#### 1. Excessive Force

The District Defendants argue that the excessive force claim fails against them because any force was used during the Police Defendants' arrest of Plaintiff. There is no assertion that the District Defendants were involved in that arrest or use of force, they argue. The Court agrees. Taken as a whole, the complaint and supporting materials describe a scenario where some of the District Defendants determined that Plaintiff was on campus impermissibly, and promptly contacted the Police Defendants to rectify the situation. The Police Defendants confronted Plaintiff and ultimately arrested her. At some point during the arrest, there was a struggle and some degree of force was used. Plaintiff contends this force was excessive.

Even drawing all reasonable inferences in Plaintiff's favor, there are no factual allegations tying the District Defendants to the alleged excessive force. At most, those defendants stood by while the police did their job. Consequently, the excessive force claim is dismissed as against the District Defendants.

### 2. Malicious Prosecution

The District Defendants contend the malicious prosecution claim fails in view of the outcome of the criminal prosecution initiated that day. A malicious prosecution claim requires "termination of the prior criminal proceeding *in favor of* the accused." *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996) (emphasis added). According to the public record, Plaintiff's prosecution was terminated on August 5, 2010 upon acceptance of an ACD. The authorities are clear that an ACD is "not a *favorable* termination because it leaves open the question of the accused's guilt." *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (emphasis added); *see also Rothstein v. Carriere*, 373 F.3d 275, 287 (2d Cir. 2004). As such, the ACD bars any recovery on a malicious prosecution theory. *DiBlasio*, 102 F.3d at 657.

Moreover, even if the prosecution had been terminated favorably to Plaintiff, the malicious prosecution claim also fails as against the District Defendants for lack of factual allegations tying them to the prosecution. While the Police Defendants arrested Plaintiff and initiated criminal proceedings, there is no assertion that the District Defendants were directly or personally involved in the "initiation or continuation of a criminal proceeding," as is required. *Stampf. V. Long Island R.R.*, 761 F.3d 192, 198 (2d Cir. 2014) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)). This is a second, independent basis upon which the Court dismisses this claim against the District Defendants.

### 3. False Arrest

The District Defendants argue that the false arrest claim fails because, likewise, there is no allegation that they were personally involved in the arrest. The elements of a false arrest claim under Section 1983 "are substantially the same as the elements of a false arrest claim under New York law": (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). The Court need not move beyond the first element here.

The pleadings make plain that it was incumbent on the Police Defendants, not the District Defendants, to decide whether to arrest (or, confine) Plaintiff. Allegedly, Plaintiff was confronted by certain of the District Defendants first, and those defendants asked Plaintiff to leave the premises. But the pleadings do not support an inference that any District Defendant had direct personal involvement in the decision to arrest Plaintiff. There is no suggestion that any District Defendant trapped her in the bathroom or anywhere else on campus, or otherwise detained her. They simply asked her to leave. This does not meet the pleading standard for the "intent to confine" element of a false arrest claim, and consequently, that claim against the District Defendants is dismissed as well.

### 4. Entrapment

Finally, the complaint asserts "entrapment," albeit without supporting factual allegations. This claim also fails against the District Defendants. Even if the complaint could be construed to suggest that those defendants lured Plaintiff to campus that day, entrapment, although a possible defense to criminal prosecution, does not lie as a civil claim under Section 1983. *DiBlasio*, 102 F.3d at 656 (citing *Hampton v. United States*, 425 U.S. 484, 488-91 (1976) (entrapment claim is

7

not a constitutional offense)).  As such, this fourth and final claim against the District Defendants is dismissed.[1]

### C. The Police Defendants

Allegations against the Police Defendants present a closer case here at the pleading stage, where Plaintiff is entitled to all reasonable inferences, and where the complaint is to be accorded leniency since Plaintiff is proceeding *pro se*.  Any entrapment claim against the Police Defendants fails for the reason noted above:  a civil entrapment claim does not lie under Section 1983.  *DiBlasio*, 102 F.3d at 656.  Likewise, the malicious prosecution claim fails as against the Police Defendants because there has not been a "final determination" of the criminal prosecution in Plaintiff's favor.  *Id.* at 657.

The Court declines, however, to grant the Police Defendants' motion to dismiss all claims based on voluntary waiver.  The public record unequivocally establishes that Plaintiff's prosecution ended with an ACD.  In contrast, statements Plaintiff made during the August 5, 2010 colloquy are legally equivocal here in the instant proceeding, or at least, are not dispositive.  This holds true regardless of whether the question is framed as one of waiver, estoppel, or issue preclusion.  *See, e.g.*, *Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 485-86 (2d Cir. 2014) (judicial estoppel requires "clearly inconsistent" positions taken in different phases of same proceeding).

When prompted on August 5, Plaintiff categorically recanted "any and all" assertions she had made at her arraignment about police mistreatment.  But that recantation does not have the force of a final judgment after adjudication of the issues.  *See Am Postal Workers Union v.*

---

[1] Because all of the above claims are dismissed for the aforementioned reasons, the Court will not address the District Defendants' alternative, qualified immunity arguments.

*United States Postal Serv.*, 754 F.3d 109, 110 n. 1 (2d Cir. 2014) (issue preclusion requires that an issue was actually litigated and necessary to the outcome of the first action). The recantation also appears to have been collateral to the ACD proceeding, and the context for the reversal of course is unclear from the transcript. Without having presided over that hearing, and without further context as to why Plaintiff categorically recanted allegations against the Police Defendants, the Court considers any positional inconsistency in the ACD hearing transcript to be insufficiently conclusive to support dismissal in the instant case, at least at this stage of the proceedings.

Thus, two claims remain against the Police Defendants: (1) excessive force; and (2) false arrest. The Court will address these in turn.

### 1. Excessive Force

The Police Defendants argue that the excessive force claim fails because "Plaintiff's account of what occurred is directly contradicted by an independent eye witness," Joseph Kearns, who reported that the force utilized was objectively reasonable and was exerted only to a degree necessary "to effectively control the resisting Ms. Humbach." The Police Defendants also argue that "Ms. Humbach has not pled, and cannot establish, that she received any medical treatment to support her outrageous allegations." Finally, the Police Defendants argue that "Plaintiff names a host of individual defendants, but the Complaint itself provides no indication as to which of the named individuals performed any allegedly illegal acts or what precisely they did."

The first and second of these arguments tend to conflate the Rule 12(b)(6) standard with standards applicable in a summary judgment or trial posture. Arguments regarding contradictory eyewitness testimony and the extent of alleged injury and compensatory damages do not compel

9

dismissal as a matter of law at a stage where the Court is charged only with evaluating the face of the pleadings, and where the Court must draw all plausible inferences in Plaintiff's favor. The Court acknowledges that eyewitness statements in police reports are incorporated by reference into the complaint, but even so, the Court must accept Plaintiff's account as true at this stage, insofar as her account is discernible from the pleadings.

As for the Police Defendants' third argument, lack of individualized pleading, Plaintiff alleges that she was "beaten by police" and that her "constitutional rights were violated." Compl. at 3, 5. Adding color, a witness statement from defendant Marisa Boniella describes "two police officers struggling" with Plaintiff, apparently in the parking lot outside the school building. A witness statement from Joseph Kearns describes "two police officers restraining a woman." While citing to these witness reports where they are self-serving, the Police Defendants also challenge the totality of the pleadings on the grounds that they lack allegations specific to each Police Defendant.

A Section 1983 Plaintiff ordinarily must describe each individual defendant's involvement in a constitutional violation, to survive a challenge under Rule 12(b)(6). *Shomo*, 579 F.3d at 184 ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"). Here, however, there are only five Police Defendants, and the pleadings suggest that all five were present on campus the day of the incident. Reading the complaint in tandem with the enclosed police reports, it appears that one or more of the Police Defendants confronted Plaintiff outside a school bathroom and escorted her outside, where she ultimately struggled with two or more of the Police Defendants, allegedly was beaten, and was arrested.

Plaintiff has not specified which of the five police officers used the alleged excessive

force.  On the other hand, she is a *pro se* litigant and an alleged victim of group police violence.  Reasonably, she may not know the names of the specific officers who struck blows or wrestled her to the ground.  *Cf. Casaburro v. Giuliani*, 986 F. Supp. 176, 178 (S.D.N.Y. 1997) (denying motion to dismiss claims under Section 1983 against group of New York City police officers collectively involved in alleged mistreatment after arrest).

Ultimately, a Rule 12(b)(6) analysis turns on whether the defendants are on fair notice of the specific allegations and claims against them.  Here, on balance, the complaint and enclosed materials are sufficient to put the Police Defendants on notice of the allegations and claims against them.  These five defendants, after all, are best-positioned to know which of the officers may have had physical contact with Plaintiff and to what degree.

The Court finds that the pleadings contain "sufficient factual matter," that, when accepted as true, states an excessive force claim as against each of the Police Defendants, a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  The Court therefore denies the Police Defendant's motion to dismiss the excessive force claim for failure to state a claim.

### 2.  False Arrest

The final claim against the Police Defendants is one for false arrest.  The Police Defendants argue that the claim fails because, "despite Plaintiff's outrageous allegations," the Police Defendants had sufficient probable cause to arrest Plaintiff based on information the police received from the District Defendants regarding Plaintiff's uninvited presence on campus.  The Police Defendants argue, in short, that "the totality of the circumstances" justified the arrest, thereby undercutting a false arrest claim.

As noted, one element of a false arrest claim is that the arrest must not be privileged.  *Singer*, 63 F.3d at 118.  Probable cause to arrest a defendant supports privilege, and is an

absolute defense to a false arrest claim against the police. *Jaegly v. Couch*, 439 F.3d 149, 151-52 (2d Cir. 2006) (a Section 1983 false arrest claim derives from the Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest, but only absent probable cause). "An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" *Id.* at 152 (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

The question then, is one of reasonableness. On this question, the Police Defendants direct the Court to authorities stating that eyewitness reports accusing another citizen of having committed a crime generally are sufficient to establish probable cause. *See, e.g.*, *Petrychenko v. Solovey*, 99 A.D.3d 777, 780 (2d Dep't 2012) (information from an identified citizen accusing another individual of a specific crime generally is sufficient); *People v. Read*, 74 A.D.3d 1245, 1246 (2d Dep't 2010) (eyewitness victim statement generally is sufficient).

This may be true, as a general principle. But in the instant case, the pleadings and briefs force the Court to speculate about precisely the information the Police Defendants had when they elected to arrest Plaintiff, presumably for criminal trespass. Reports attached to the complaint cryptically reference "prior incidents." The District Defendants submitted a copy of a supervised visitation order from the New York State Supreme Court, which appears to preclude in-community visitation between Plaintiff and her student son. It is unclear from these materials, however, whether the District Defendants informed the Police Defendants that Plaintiff was on campus in violation of a court order, if that was the case. Certainly that would be relevant to the probable cause analysis.

Equally unclear is whether the Police Defendants were informed that a breakfast and book fair were taking place that day, and that Plaintiff had been invited to that event, as appears to have occurred. That too would be relevant to probable cause, and that, coupled with Plaintiff's protest that the request to leave campus was based on "wrong information," would call into question whether the Police Defendants had sufficient probable cause to arrest Plaintiff for criminal trespass.

In any event, having considered all materials submitted, there are holes in the narrative and contrary assertions which make is impossible for the Court conclusively to determine that eyewitness reports gave the Police Defendants probable cause to arrest. The Court declines the invitation to resolve this question based on the pleadings alone.

Drawing reasonable inferences in Plaintiff's favor, the complaint and enclosed materials contain sufficient factual matter to support a false arrest claim against each of the Police Defendants, who presumably, collectively, made the decision to arrest Plaintiff, either when they first confronted her outside the bathroom or once outside the building. The Court denies the Police Defendants' motion to dismiss the false arrest claim for failure to state a claim.

## IV. THE IFP APPLICATION

Last, each of the three defendant classes argues that Plaintiff made a knowing misrepresentation regarding her asset base in her April 12, 2013 IFP application. The Court granted the application, but the Court notes that Plaintiff has not been assigned *pro bono* counsel, is litigating the matter *pro se*, and has emphasized to the Court certain logistical challenges Plaintiff faces because she is incarcerated.

In the IFP application, Plaintiff checked two boxes "no" in response to the questions, "do you own an apartment, house, or building," and "do you pay for rent or for a mortgage."

13

Defendants contend that the first of these responses was a knowing misrepresentation, since public records, including a recorded deed and property tax assessments, show that Plaintiff is the grantee and current taxpaying owner of a residential condominium unit at 1619 Third Avenue, Unit 14J, New York, NY 10128.  *See* Svensson Aff., Ex. E.

This alternative ground upon which dismissal is sought is less pertinent to Infantino and the District Defendants given the above dismissal pursuant to Rule 12(b)(6) of all claims against those defendants.  The Court partially denied the Police Defendants' Rule 12(b)(6) motion, however, and so these arguments are not academic for their purposes.

The Police Defendants argue that language in the IFP application, found right above Plaintiff's signature, compels dismissal: "I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration."  The Police Defendants also direct the Court to 28 U.S.C. § 1915(e)(2), governing proceedings *in forma pauperis*, which states that, "[n]otwithstanding any filing fee, or any portion therefor, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue."

There is little question that dismissal on this basis requires a threshold finding that the IFP application contains a falsehood.  This Court previously has found as much, and has vacated a judgment and dismissed a complaint with prejudice, where a plaintiff "misrepresent[ed] her financial arrangements in bad faith to obtain IFP status."  *Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004).

The Court's focus in that prior instance was whether the misstatement was made knowingly and in bad faith.  *See id.* (discussing "series of deceptive acts" and repeated demonstrations of bad faith).  At this juncture, in this case, the record is insufficiently developed on the question of knowledge and bad faith.  The Police Defendants certainly assert bad faith and

14

"gross misrepresentation," but the posture of the case is such that all reasonable inferences must be drawn in Plaintiff's favor. Plaintiff has submitted a letter contesting the accusation that she made a knowing misrepresentation. *See* dkt. no. 34. Although that letter does not have the force of an affidavit or sworn deposition testimony, the letter acknowledges that Plaintiff resides at the housing unit pursuant to some sort of divorce settlement ("marital agreements"), and then describes a restraint on alienability ("I can neither sell it or refinance it"). That restraint, at least plausibly, could explain the statement on the IFP application in a way that demonstrates the absence of a knowing falsehood or bad faith.

Because the record is insufficiently developed and inferences are to be drawn in Plaintiff's favor, the Court denies defendants' motions to dismiss based on a purported misrepresentation in the IFP application. The Police Defendants may elect to develop the record further on this point, through deposition questioning or otherwise, and to renew their argument in support of a motion for summary judgment.

## V. CONCLUSION

For the reasons stated above, defendant Infantino's motion to dismiss is GRANTED in its entirety and all claims against Infantino are hereby dismissed. The Clerk of Court is respectfully requested to terminate James Infantino from the action, and to terminate the motion at docket number 78.

Likewise, the motion of defendants Michael Kirsch, Barbara Zanato, Debbie Alspach, Kathleen Campanaro, Deborah Lenaghan, Eileen Kelly, Lisa Tighe, Marisa Boniella, and Joseph Kearns is GRANTED in its entirety, and all claims against those defendants are hereby dismissed. The Clerk of Court is respectfully requested to terminate those defendants from the action, and to terminate the motion at docket number 70.

Finally, the motion of defendants Daniel Canon, James M. Dumser, Robert Chiappone, D.P. Corrado, and Ernesto Giraldez is GRANTED in part, dismissing the malicious prosecution and entrapment claims against them, and DENIED in part, permitting the excessive force and false arrest claims to proceed. The Clerk of Court is respectfully requested to terminate the motion at docket number 56. The Police Defendants shall serve and file their answer to the complaint on or before December 3, 2014.

Dated: November 12, 2014  
       White Plains, New York

SO ORDERED

_____  
NELSON S. ROMÁN  
United States District Judge