```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/30/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAM HUMBACH,

                Plaintiff,

    -against-

DANIEL CANON et al.,

                Defendants.

13-cv-2512 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

On November 12, 2014, the Court issued an Opinion & Order (Docket No. 81, the "November Opinion"), dismissing pursuant to Fed.R.Civ.P. 12(b)(6) all claims against: (1) Defendant James Infantino, and (2) Michael Kirsch, Barbara Zanato, Debbie Alspach, Kathleen Campanaro, Deborah Lenaghan, Eileen Kelly, Lisa Tighe, Marisa Boniella, and Joseph Kearns (the "District Defendants"). The Court also dismissed claims for malicious prosecution and entrapment against Defendants Daniel Canon, James M. Dumser, Robert Chiappone, D.P. Corrado, and Ernesto Giraldez (the "Police Defendants"). Claims for excessive force and false arrest against the Police Defendants survived. Before the Court is Plaintiff's motion for reconsideration of the November Opinion. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

The Court assumes familiarity with the facts of the case and the substance of the November Opinion.

Plaintiff asserts that the Court overlooked certain factual matters and was "given erroneous information," (Pl.'s Mot. Recons. at 1), which would reasonably be expected to have

Copies mailed/faxed 6/30/2016
Chambers of Nelson S. Román, U.S.D.J.

led to a different ruling had they been considered.  Plaintiff alleges that the evidence the Court

used contained errors including the actual disposition of her case and the extent of her injuries.

Additionally, Plaintiff alleges the presence of new evidence not previously considered including

medical reports of her injuries, recordings of the police officers, and a video tape of the

altercation. (*Id*. at 2.)  Plaintiff also alleges new claims including the illegal search of her car,

intentional harassment, and conspiracy. (*Id*.)

## STANDARD ON A MOTION FOR RECONSIDERATION

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of

Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local

Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013

WL 6188339, at * 1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the

sound discretion of the district court and are generally granted only upon a showing of

exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.

1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ...

or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins.*

*Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St.*

*Martin's Press*, No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000))

(Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or

arguments not previously presented to the Court.'"). They "'will generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked.'" *Analytical*

*Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Reconsideration of a Court's previous order is "an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Plaintiff's motion for reconsideration seeks to introduce newly available evidence and to correct clear error.  Plaintiff also raises issues previously addressed by the Court and new allegations that were not contained in the original complaint.

## I.   Availability of New Evidence

The documents available to the Court in the November Opinion included the Complaint, an e-mail invitation to the breakfast and book fair, a visitor's pass to the school, and a number of police reports memorializing witness statements made to the police on April 21, 2010, the day of the incident at issue. (*See* November Opinion at 3.)  Plaintiff now asks the Court to review and incorporate certain audio and video tapes that were not attached to her original filing. (*See* Pl.'s Mot. Recons. at 3.)

The supposed new evidence that Plaintiff points to includes a tape recording where Plaintiff alleges the Police Defendants "admit on the tape recording what they're going to do to me, including detaining me for a long period of time." (Pl.'s Mot. Recons. at 2.)  This tape recording has not been presented to the Court and was not included with Plaintiff's motion for reconsideration.  No other evidence of the existence of this tape recording has been provided. Plaintiff's unsupported statements are insufficient to upset the Court's November Opinion.

Plaintiff also points to new evidence of a video tape of the incident showing the Police Defendants "beating the Plaintiff, Police walking around the parking lot trying to find [Plaintiff's] car so that they can search it." (Pl.'s Resp. Def. Opp. Mot. Recons. at 1.)  Again, this

video tape was not included with Plaintiff's motion for reconsideration or provided to the Court in any other manner.  Accordingly, Plaintiff's motion for reconsideration based on the purported availability of new evidence is denied.

## II.    The Need to Correct Clear Error

Plaintiff asserts that there was clear error in the Court's November Opinion because the Court was provided with erroneous information concerning the termination of Plaintiff's prosecution by an adjournment in contemplation of dismissal ("ACD").  However, Plaintiff claims that her prosecution "was dismissed in its entirety and sealed in 2013."  (Pl.'s Mot. Recons. at 1.)

Plaintiff asserted a malicious prosecution claim against all of the Defendants in her complaint.  A malicious prosecution claim requires "termination of the prior criminal proceeding in favor of the accused" in order to avoid "possible conflicting determinations arising out of the same transaction." *DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996).  Therefore, favorable termination is required for Plaintiff's malicious prosecution claim to survive a motion to dismiss.  Termination by ACD has been held not to constitute "a favorable termination because it leaves open the question of the accused's guilt." *Fulton v. Robinson*, 289 F. 3d 188, 196 (2d Cir. 2002).

Plaintiff contends that because her criminal case was dismissed in its entirety and sealed, it constitutes a favorable termination.  She also states that she has written to Judge Krauss, who presided over her case, to "get a letter of disposition."  (Pl.'s Resp. Def. Opp. Mot. Recons. at 1.) Defendants, on the other hand, state that the prosecution was terminated pursuant to an ACD and that they "provided the Court a copy of Plaintiff's application annexed to, and made a part of, Plaintiff's complaint." (Defs.' Opp. Mot. Recons. at 4.)

At this juncture, Plaintiff has not submitted, and the Court is not otherwise in possession of, any documents or evidence substantiating Plaintiff's claim that her case was dismissed in its entirety, rather than by an ACD.  Absent any additional information showing a different disposition of Plaintiff's case, the Court cannot find that it was resolved in Plaintiff's favor, and Plaintiff therefore fails to show clear error in the November Opinion.

Plaintiff also asserts that there was clear error when the Court considered the extent of her injuries, as the Court did not have medical reports that showed her "substantial injuries." (Pl.'s Mot. Recons. at 1.)  However, Plaintiff does not provide the Court with these reports to correct the error.  Even supposing these reports exist, the extent of Plaintiff's injuries did not play a role in the Court's decision to dismiss her claims.  Plaintiff's claim for excessive force survived Defendants' motion to dismiss and would be the only claim potentially affected by these new reports.  Thus, these reports cannot show a clear error in the November Opinion.

### III.    Issues Already Addressed by the Court

Plaintiff raises a number of other issues in support of her motion for reconsideration, but these issues were already addressed by the Court in the November Opinion, including that: (1) Mr. Infantino called the school and made "false statements," (Pl.'s Mot. Recons. at 1); (2) the District Defendants watched the Police Defendants and therefore "had a hand in [Plaintiff's] confinement," (*id*. at 2); and (3) the Police Defendants did not have probable cause to arrest her. (*Id*.)  The first two arguments were fully considered by the Court and Plaintiff fails to raise any new information for the Court's consideration.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (Plaintiff is not entitled to take "a second bite of the apple.").  The final argument relates to a claim that was not dismissed, and therefore appears not to require reconsideration by the Court.

## IV.    New Claims

Plaintiff also alleges new claims for illegal search, intentional harassment, and conspiracy in her motion for reconsideration. (*Id.*) Plaintiff is not, however, permitted to allege new claims in a motion for reconsideration. *See Polsby*, 2000 WL 98057, at *1 (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). She may, of course, seek leave to amend her Complaint in accordance with the Federal Rules of Civil Procedure and this Court's Local Civil Rules and Individual Practices.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 84.

Dated:    June 29, 2016
          White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge